Vann, J.
Although the judgment sued upon in this action was rendered in a court not of record, it became the judgment of a court of record upon the filing of the transcript. In the language of the statute, “ thenceforth the judgment is deemed a judgment of the county court of that county ” (Code of Civil Pro., sec. 3017). For what purpose ? If no particular purpose is specified it must be for every purpose. Is any purpose specified ? ¡No purpose is directly specified, and no limitation is made. Is the statute to be construed as impliedly specifying the purpose of enforce *118 ment ? If the legislature had intended that the judgment should thenceforth be deemed the judgment of the county court for the purpose of enforcement only, would it not have said so ?
The Revised Statutes formerly provided that a justice’s judgment, docketed by a county clerk, should “ be a lien on the real estate of the defendant within the county in the same manner and with the like effect as if such judgment had been in the court of common pleas ” (2 R. S. [1st ed.], 218, sec. 128). The legislature thus intended to give a justice’s judgment, upon being docketed with the county clerk, the effeet of a judgment of the court of common pleas to the extent specified. By the Code of Procedure a change was made, as section 63 provided that upon filing the transcript “the judgment shall be a judgment of the county court.” The legislature did not enact that it should have the effect of a judgment of the county court, but that it should be one. The Code of Civil Procedure provides the same in substance, by section 3017, which should be construed in the light of the previous legislation upon the same subject. If the judgment in question is deemed a judgment of the county court without any specified limitation, it is, by the force of the statute, a judgment of the county court for all purposes. As a certain act makes it a judgment of the county court, it is by that act that the judgment is given or rendered in that court. A judgment is rendered when it is completed or perfected in the manner pointed out by statute or the practice of the court. In this case it was perfected by filing the transcript and docketing the judgment. There was no judicial determination by the county court; and there is none when judgment is entered by default upon a verified complaint on account. In both cases the action of the clerk was purely ministerial; still judgment is rendered by virtue of the statute in each case.
There should be judgment for the plaintiff, with costs, and findings may be prepared accordingly.